IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) Cr. No. 7-190 |
| v. | ) Cv. No. 9-903 |
| | ) |
| REGIE WHITNER | |

## OPINION AND ORDER

### SYNOPSIS

In this criminal action, Defendant pleaded guilty to a single count of violating 21 U.S.C.§ 846.  Subsequently, he was sentenced to a term of imprisonment of 235 months.  He has filed a Petition pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence.  Defendant raises several grounds for his Motion, including the invalidity of his waiver of appeal and collateral attack rights.  Primarily, the Motion is based on an allegedly deficient plea colloquy in violation of Fed. R. Crim. P. 11, and on ineffective assistance of counsel with respect to the plea and on appeal.[1]  I have carefully reviewed all of Defendant's submissions.

For the following reasons, the Motion will be denied and no certificate of appealability shall issue.

### OPINION

**I. APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which

---

[1] Petitioner also argues that the Court incorrectly referred to his age, which is not a factor in 18 U.S.C. § 3553; it is proper under that Section, however, to consider the Defendant's history and characteristics.  He also appears to rely on the fact that his co-defendant received a shorter sentence than he, but does not explain why that sentence renders his own unconstitutional.

inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 93 Fed. Appx. 402, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

### A. Waiver

I first address the Government's contention that Defendant has waived the right to file the present Motion. Defendant and his counsel both signed a plea agreement that contained the following language:

> [Defendant]....waives the right to file a motion to vacate sentence under 28 U.S.C. 2255 attacking the conviction or sentence or the right to file any other kind of collateral proceeding attacking the conviction or sentence.[2]

---

[2]Defendant similarly waived the right to file a direct appeal from his conviction or sentence.

Defendant and his counsel signed the following statement, appended to the plea agreement:

> I have received this letter from my attorney...have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the [Government].

Generally, waivers of the right to appeal and to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver itself, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

In addition to resting on grounds of unknowing and involuntary waiver, a court may invalidate a waiver if its enforcement works a "miscarriage of justice." Khattak, 273 F.3d at 558. In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563.  As a related matter, "absent

clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. united States, 2008 U.S. Dist. LEXIS 31295 (D. Del. Apr. 16, 2008).

### 1. Plea Colloquy

First, I address Defendant's argument that a deficient plea colloquy justifies application of Khattak, as the Court failed to ascertain that he understood the terms of the waivers in his plea agreement, and failed to fulfill its obligations under Fed. R. Crim. P. 11(b)(1)(N).  Rule 11(b)(1)(N) requires that prior to accepting a plea of guilty, the Court "inform the defendant of, and determine that the defendant understands...the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence."

The following are excerpts from Defendant's plea colloquy, to which Defendant made no objection at the time of the plea:

Court: Before accepting your guilty plea, there are a number of questions that I'm going to ask you to make certain that your plea is valid.  If you do not understand any question, please let me know and I will explain it to you.  If at any time you wish to speak with your attorney, let me know and I will give you as much time as you need to speak with him.  I give you these instructions because it is essential to a valid plea that you understand every question before you answer.

Defendant was placed under oath. Counsel for the Government was asked to place the terms of the plea agreement on the record, and Defendant instructed to "listen carefully as he does so."  The following exchange occurred:

Government: ...He waives the right to take a direct appeal from the conviction and sentence subject to two exceptions [if the United States appeals the sentence, or if the sentence exceeds applicable statutory guidelines.].  He also waives his right to

|  |  |
|---|---|
|  | file a motion to vacate sentence under 28 U.S.C., Section 2255 attaching the conviction or sentence or the right to file any other kind of collateral proceeding attacking the conviction or sentence. |
| * * * * |  |
| Court: | Mr. Whitner, you heard what [counsel for the Government] just said, did you not? |
| Defendant: | Yes, ma'am. |
| Court: | Do you understand what he just said? |
| Defendant: | Yes, ma'am. |
| Court: | Do you agree that what he set [sic] correctly describes the agreement you arrived at with the government? |
| Defendant: | Yes, ma'am. |

[Defense counsel concurred that "it was in fact" the parties' agreement.]

* * * *

Rule 11(1)(b)(N) requires that the Court personally discuss the waiver with Defendant at the plea hearing. United States v. Corso, 549 F.3d 921, 929 (3d Cir. 2008).[3] A Rule 11 violation, however, does not necessarily render a waiver provision invalid. Instead, "[i]f the safeguard required by Rule 11 is missing, the record must reveal an adequate substitute for it, and the defendant must show why the omission made a difference to him." United States v. Sura, 511 F.3d 654, 662 (7th Cir. 2007). Accordingly, a Defendant may succeed under Khattak only if his substantial rights were affected by the error. Corso, 549 F.3d at 929. Under this requirement, Defendant must show that a reasonable probability that the

---

[3]Prior to Corso, the type of colloquy format utilized in this case was considered "thorough and proper." United States v. Jackson, 523 F.3d 234, 243 (3d Cir. 2008).

error "precluded him from understanding that he had a right to [collateral attack] and that he had substantially agreed to give up that right." Id.

In this case, the Court specifically addressed Defendant's waiver of appeal rights, but did not specifically inform Defendant of the waiver of his rights to collateral attack. In this respect, according to the current law in this Circuit, the colloquy was deficient.[4]  This deficiency, however, did not affect Defendant's substantial rights.

In the first instance, in this case, there was an adequate substitute for the omission. The Government specifically stated the waiver on the record. The Defendant stated that he heard the description, and that it correctly represented his agreement with the Government. The Court confirmed that Defendant understood the proceedings, and that he had discussed the plea with his attorney. During the plea colloquy, Defendant acknowledged that he has no difficulty reading, writing, or understanding the English language, and reached

---

[4]Quite recently, my colleague on this Court faced a similar issue as that presented in this case, and observed as follows:

> The colloquy format provided here, wherein the Assistant United States Attorney, not the court, placed the terms of the appellate waiver on the record, followed the standard colloquy format that has been employed in the United States District Court for the Western District of Pennsylvania for many years. Indeed, it has long been the practice in this district to have the Assistant United States Attorney read the salient points of the plea agreement, including any waiver of appellate rights, on the record and for the court to then ask the defendant, generally, if he understands the terms of the agreement and if the government's recitation reflects his understanding of the agreement. It has not been the protocol of this district court to independently recite the terms of the plea agreement, and then question the defendant as to his understanding of each specific term of the plea agreement, including the appellate waiver.
>
> As far as we can determine, the first time the Court of Appeals for the Third Circuit held that this colloquy format, where the court relies on the Assistant United States Attorney to place the terms of the plea agreement, including any appellate waiver provision, on the record, was inadequate was in ...2008.

United States v. Williams,  No. 08-1028, 2009 U.S. Dist. LEXIS 63700 (W.D. Pa. July 26, 2009).

eleventh grade in school.  Additionally, Defendant and his counsel signed the acknowledgment on his plea agreement, which contained the waiver at issue.  In this case, these facts evidence an adequate substitute for the Court's personal discussion, during the colloquy, of the collateral attack waiver.  See United States v. Goodson, 544 F.3d 529, 540-41 (3d Cir. 2008); Jackson v. United States, No. 04-299, 2008 U.S. Dist. LEXIS 105048 (W.D. Pa. Dec. 30, 2008).

Additionally, Defendant does not demonstrate that the omission "made a difference."  He does not claim that he was unaware of the waiver, or that he would not have pleaded guilty had the Court, rather than the Government, stated the waiver on the record.   Instead, Defendant states that he misunderstood the parameters of the waiver, and thought that it applied only if the Court imposed a sentence under 151 months.  Defendant, however, points to no statements or discussions by or with counsel, the Government, or the Court that purported to delimit his waiver in this manner, or that led him to his stated misunderstanding.  In other words, the record lacks any evidence pointing to a misunderstanding, and Defendant does not aver that any misunderstanding was due to any conduct that might be subject to redress via habeas corpus.  Given the plea agreement and transcript of the plea hearing, there was no realistic opportunity for misperception.  A bare claim of misunderstanding, in situations such as this one, is insufficient.  Cf. United States v. Dodd, No. 3:02-CR-0245-H(03), 2005 U.S. Dist. LEXIS 30215, at **18-20 (N.D.Tex. 2005).

As a final matter, even if a Rule 11 violation had affected Defendant's

substantial rights, Defendant would be obliged to demonstrate that the deficient colloquy "seriously affected the fairness, integrity, or public reputation of the judicial process." United States v. March, No. 08-1800, 2009 U.S. App. LEXIS 15009, at *7 (3d Cir. July 8, 2009). Defendant's claim that the colloquy affected his substantial rights rests, primarily, on the length of the sentence imposed. In this context, "It will be a rare and unusual situation when claims of an unreasonable sentence, standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice." United States v. Cassese, No. 07-3145, 2009 U.S. App. LEXIS 16646 at *16 3rd Cir. July 27, 2009), citing United States v. Jackson, 523 F.3d 234, 244 (3d Cir. 2008). Under applicable law, the present record does not present such a rare and unusual situation. For these reasons, Defendant has failed to establish that the waiver should be invalidated, and Defendant's Motion based on a deficient plea colloquy will be denied.

**B. Ineffective Assistance**

Even if I were to consider Defendant's Motion as arising under a challenge to the effectiveness of counsel, he cannot prevail. In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687.  Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13.  Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.[5]

### 1. Plea counsel

Defendant argues that counsel failed to advise him that his sentence could be longer as a result of career offender designation, and instead apprised him that his sentence would be in the range of 121 to 151 months.  Defendant argues that his waiver was not knowing, because at the time it was executed, he did not know of the errors that would occur at sentencing.   Our Court of

---

[5] The Strickland standard for effective assistance of counsel also applies to appellate counsel. Phillips v. Moore, 2005 U.S. Dist. LEXIS 24158 (D.N.J. 2005).

Appeals has specifically held that an erroneous sentencing prediction by counsel does not constitute ineffective assistance of counsel where an adequate plea hearing was conducted. United States v. Macon, 91 Fed. Appx. 239, 243 (3d Cir. 2004), citing United States v. Jones, 336 F.3d 245, 254 (3d Cir. 2003). Other than the erroneous sentencing prediction, Defendant does not point to any misinformation about the waiver itself that led to his misapprehension of its scope.

At the plea hearing in this case, the Court specifically apprised the Defendant that even if this were his first felony conviction, his sentence could be between ten years and life, and greater if he had additional felony convictions. He stated that he understood the maximum penalty, and that there were no additional promises made him that induced his plea; he also stated that he understood that the sentence imposed may be more or less severe than the guidelines. Additionally, the following exchange occurred:

Court:	Mr. Whitner, has anyone made any promises to you other than those contained in the plea agreement that has forced you or caused you to plead guilty?

Defendant:   No, ma'am.

As discussed supra, the plea hearing in this case was, on the whole record, adequate under applicable standards. The record reflects that the Court advised Defendant that the sentence could be greater than 151 months, and Defendant represented that no other promises had been made. Even if counsel erred in some way, therefore, Defendant suffered no prejudice as a result. Under circumstances such as these, habeas petitions have been denied.

See United States v. Farias, 268 Fed. Appx. 730, 731-32 (10th Cir. 2008).

### 2. Appellate counsel

Additionally, Defendant argues that his appellate counsel was ineffective. A nonexistent or questionable error cannot be of sufficient gravity, character, or impact to count in favor of quashing a waiver. Defendant's plea agreement explicitly states a waiver of appeal rights. For the same reasons that the collateral attack waiver will not be invalidated, the appellate waiver stands. Indeed, the Court specifically addressed the appellate waiver during the Defendant's plea colloquy. Counsel, therefore, cannot have erred in failing to file an appropriate appeal.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In sum, after careful consideration, I will deny Defendant's Motion, because he has waived his right to a collateral attack. Moreover, a certificate of appealability will not issue. An appropriate Order follows.

**ORDER**

AND NOW, this 30th day of October, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion (Docket No. [85]) is DENIED.  No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, United States District Court