IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) CRIMINAL NO. 07-190 |
| REGIE EDWARD WHITNER, | ) |
| Defendant. | ) |

AMBROSE, United States Senior District Judge

**MEMORANDUM ORDER OF COURT**

**I. Introduction**

Defendant has filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A) and a Brief in Support. (ECF 150, 155) He seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. 3582(c)(1)(A)(i). He contends that his medical conditions render him particularly susceptible to the COVID-19 virus while incarcerated. The Government has filed a Response. (ECF 157) The Government concedes both that the Defendant's Motion is ripe for consideration and that his medical condition gives rise to "extraordinary and compelling reasons," but argues that the Defendant remains a danger to the community and that the factors identified in 18 U.S.C. § 3553(a) mandate a denial of the Motion. After careful consideration of the submissions, and for the reasons set forth below, the Motion is denied.

**II. Background**

Along with another individual, the Defendant was charged via a complaint filed on May 11, 2007 with a cocaine conspiracy. (ECF 1) Thereafter, on May 16, 2007, a single-count Indictment against the Defendant was filed charging him with conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. (ECF 17) He pled guilty

1

on September 17, 2007 pursuant to a plea agreement. (ECF 56, 57) As part of that plea agreement, the Government agreed not to file an information, pursuant to 21 U.S.C. § 851, setting forth prior convictions as a basis for increased punishment. The plea agreement also included a stipulation that the type and quantity of controlled substance attributable to the Defendant for purposes of sentencing was more than 5 but less than 15 kilograms of cocaine.

This Court sentenced the Defendant on December 18, 2007 to 235 months of imprisonment followed by a total term of 5 years of supervised release. (ECF 69) The sentence reflects a downward departure based upon the Defendant's criminal history category. This Court determined that the criminal history category of VI over-represented the Defendant's conduct in light of two convictions in Westmoreland County, each of which involved a $40.00 drug purchase. Consequently, the guideline imprisonment range, which was 262 to 327 months for a criminal history category VI, was inapplicable.  The Defendant has been incarcerated since his arrest on May 10, 2007 and has served more than 13 years of his sentence. (ECF 150, p. 2) His expected release day is March 24, 2024, although that date may be amended if the Defendant participates in and completes the RDAP program as this Court recommended. (ECF 150, p. 2)

### III. Analysis

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons could seek a reduction of sentence. *United States v. Handerhan*, 789 Fed. Appx. 924, 925 (3d Cir. 2019). Section 603(b) of the First Step Act, entitled "Increasing the Use and Transparency of Compassionate Release," permitted prisoners the right to file compassionate release motions with the court "so long as they first ask the BOP to file a motion on their behalf and then either exhaust the BOP's administrative appeal process or wait 30 days, whichever comes first." *United States v. Somerville*, 12cr225, 2020 WL 2781585, at * 2 (W.D. Pa. May 29, 2020), *citing* 18 U.S.C. § 3582(c)(1); First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). The First Step Act thus empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). The statute provides that:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction….
>>>
>>> And that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission….

18 U.S.C. §3582(c)(1)(A). The Government concedes that the Defendant has exhausted his administrative remedies.[1] Consequently, I turn to a consideration of whether the Defendant has established "extraordinary and compelling reasons" in support of compassionate release."

The Sentencing Commission issued a policy statement related to § 3582(c)(1)(A). It provides, in part, that: "the court may reduce a term of imprisonment … if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that – (1)(A) extraordinary and compelling reasons warrant the reduction; … (2) the defendant is not a danger to the safety of any other person or to the community…; and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The Application Notes to the policy statement recognize that "extraordinary and compelling reasons" may exist based on the defendant's medical condition. That is, extraordinary

---

[1] The Government notes that the Defendant submitted a request to the Bureau of Prisons ("BOP") on April 13, 2020 requesting compassionate release. (ECF 157, p 5) The Warden denied that request on April 16, 2020. Because, as the Government acknowledges, more than 30 days have lapsed since the date of receipt of the request by the warden, the Motion is ripe. (ECF 157, p. 5)

and compelling reasons exist if the defendant is suffering from a serious physical or medical condition, which substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover. U.S.S.G. 1B1.13, Cmt., App. Note 1. Here the Defendant contends that his medical condition, including a diagnosis of Type II diabetes, obesity, hypertension and high cholesterol, satisfies this requirement.[2] The Government concedes that, "in the context of the COVID-19 pandemic, … the Defendant's type II diabetes diagnosis, along with his obesity, which are confirmed by his medical records, are 'serious physical or medical conditions' that 'substantially diminishes' the Defendant's ability 'to provide self-care within the environment of a correctional facility' during the pandemic, and therefore constitute an 'extraordinary and compelling reason' for release under 18 U.S.C. § 3582(c)(1)(A)(i)." (ECF 157, p. 7-8)

Yet the Defendant must also demonstrate that he is not a danger to the safety of a person or to the community and that the factors set forth in section 3553(a) warrant a reduction in the Defendant's sentence. Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; and the need to avoid unwarranted sentence disparities. 18 U.S.C. 3553(a). After careful consideration, I agree with the Government that such considerations mandate the denial of the request for relief.

The underlying criminal conduct, drug distribution, is serious. Further, as evidenced by the Presentence Report, this was not his first conviction for drug trafficking. His criminal history is extensive and demonstrates that the Defendant continued to engage in criminal activity while on bond.[3] Additionally, the Defendant faced a much greater sentence given his prior felony drug

---

[2] The Defendant submitted a Declaration of Dr. Arno Vosk in support of his contention that his medical condition renders him particularly susceptible to COVID-19. (ECF 150-2). Dr. Vosk represents that he has reviewed the Defendant's medical records.

[3] The Defendant urges that, at his age, he presents a reduced risk of recidivism. (ECF 150, p. 10) Given the Defendant's long criminal history and his willingness to engage in criminal activity while on bond, I am not persuaded by the Defendant's assertions in this regard.

convictions, a consequence he avoided by entering into a plea agreement. Further, this Court reduced the sentence the Defendant actually faced by granting a downward departure and by sentencing him at the low end of the guidelines. He has served approximately 13 years of a 19 ½ year sentence.[4] The remaining amount of time on the Defendant's sentence is not insignificant and such a reduction in sentence would not reflect the nature and seriousness of the crime.

The Court notes that the Defendant has a supportive family ready to welcome and support him. The Court also recognizes the significant risk the Defendant faces during this pandemic.[5] Nevertheless, the application of the considerations set forth above, on balance, weigh against granting the pending Motion. A court must impose a sentence that is sufficient, but not greater than necessary. The original sentence imposed met this requirement.  These factors compel me to find that the original sentence imposed remains necessary.

THEREFORE,  this 31st day of July, 2020, it is ordered that Defendant's Motion for A Reduction in Sentence (ECF 150) is DENIED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[4] The Government has not refuted the Defendant's representation that he has not been subject to disciplinary actions while incarcerated. "Disciplinary record in prison bears on this assessment and is illustrative of character." *United States v. Ladson*, 2020 WL 3412574, at * 8 (E.D. Pa. June 22, 2020). Nonetheless, there is no indication that the Defendant has engaged in rehabilitative efforts during his incarceration. Nor has he yet participated in the Bureau of Prison's Residential Drug Abuse Program ("RDAP"). A court should "consider the inmate's participation in prison programming in tandem with the inmate's disciplinary record." *Ladson*, 2020 WL 3412574, at * 8.

[5] As of July 28, 2020, the Bureau of Prisons reports that 10 individuals have tested positive at FCI Loretto. See bop.gov/coronavirus/