IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) **CRIMINAL NO. 07-190** |
| REGIE EDWARD WHITNER, | ) |
| Defendant. | ) |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT

The Defendant has filed a Motion for Reconsideration of this Court's Order denying Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A) and a Brief in Support. (ECF 159) As previously stated, the Defendant seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. 3582(c)(1)(A)(i). The Government has filed a Response and the Defendant has filed a Reply. (ECF 161, 162) After careful consideration, the Motion is DENIED.

The Defendant urges that his medical condition, in light of the COVID-19 pandemic, provides extraordinary and compelling reasons for a reduction in sentence. The Government conceded both that the Defendant had exhausted his administrative remedies, and that, "in the context of the COVID-19 pandemic, … the Defendant's type II diabetes diagnosis, along with his obesity, which are confirmed by his medical records, are 'serious physical or medical conditions' that 'substantially diminishes' the Defendant's ability 'to provide self-care within the environment of a correctional facility' during the pandemic, and therefore constitute an 'extraordinary and compelling reason' for release under 18 U.S.C. § 3582(c)(1)(A)(i)." (ECF 157, p. 7-8)

Nevertheless, compassionate release also requires a finding that the Defendant is not a danger to the safety of a person or to the community and that the factors set forth in section

3553(a) warranted a reduction in the Defendant's sentence. Nothing that the Defendant has submitted warrants a reversal of this Court's findings that he continues to present a danger to the community and that the section 3553(a) factors weigh against compassionate release. In fact, the Defendant previously represented that "[h]e has no significant disciplinary record in the BOP." (ECF 150, p. 10) The Court accepted this representation. However, the Government has supplied the disciplinary records in response to the Motion for Reconsideration. (ECF 161, Ex. A) Those records reveal that, while incarcerated, the Defendant has been disciplined for, among other things, fighting with another inmate, possessing gambling paraphernalia (on two occasions several years apart), and possessing drugs / alcohol. This additional information further undercuts the Defendant's argument that he is unlikely to recidivate and supports this Court's prior conclusion that he presents a danger to the community.

THEREFORE, this 13th day of August, 2020, it is ordered that Defendant's Motion for A Reduction in Sentence (ECF 159) is DENIED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge